**TECHNIC, INC., Appellant,**

v.

**SEL-REX CORPORATION, Appellee.**

Patent Appeal No. 8190.

United States Court of Customs
and Patent Appeals.

Jan. 29, 1970.

Thomas B. Graham, New York City, attorney of record, for appellant.

Stanley H. Lieberstein, Nutley, N. J., for appellee. Frank L. Durr, Greene,

Callmann & Durr, New York City, of counsel.

Before RICH, Acting Chief Judge, MATTHEWS, Judge, sitting by designation, ALMOND, BALDWIN and LANE, Judges.

LANE, Judge.

Technic, Inc., applicant below, appeals from the decision of the Trademark Trial and Appeal Board, 153 USPQ 135, holding that appellant's mark, RHODIUM X-LESS, so resembles opposer-appellee's previously used and registered mark, RHODEX, that, as applied to applicant's goods, there would be a likelihood of confusion or mistake. Applicant's petition for reconsideration was denied by the board. We find no reversible error in the board's opinion and affirm its decision.

The opposition involves appellant's application serial No. 185,746, filed January 27, 1964, to register on the Principal Register, RHODIUM X-LESS as a trademark for "a rhodium solution for the deposition of rhodium." First use June 3, 1963, is claimed. The word RHODIUM apart from the mark was disclaimed, and appellant's mark was published in the Official Gazette July 6, 1965.

The opposer bases its opposition to registration of appellant's mark on its own registration No. 663,957, dated July 8, 1958, of its mark RHODEX for "electroplating composition and solution," claiming first use in 1956.

The relevant facts have been stipulated by the parties. The opposer-appellee and its predecessor have been engaged continuously in the development of precious metal electroplating solutions and in the sale thereof since 1947 in interstate and foreign commerce. Opposer began selling its patented low stressed rhodium plating compositions under the mark RHODEX in 1956, and has used this mark since that date on electroplating solutions or compositions for the plating of stress-free or compressively stressed rhodium. Opposer's total sales of RHODEX compositions ex-

ceeded one and one-half million dollars in the period 1957–1965. Opposer has advertised its RHODEX plating compositions in charts, booklets, newsletters and various monthly magazines.

The stipulated testimony of record shows that applicant-appellant and its predecessor have been engaged in the sale of precious metals, including rhodium, for use in electroplating since 1940, but that applicant has used its mark RHODIUM X-LESS for its strain-free or compressively stressed rhodium solution only since about 1965. Applicant's sales of RHODIUM X-LESS are said to exceed fifty thousand dollars per year.

Although applicant has contended that the goods are different, it is concluded from the record that both are compressively stressed rhodium solutions advertised in the same or similar publications and that they are sold generally to the same industrial users.

The board held that neither party can claim any rights in the word RHODIUM, that there is nothing in the record to show that "X" or "EX" possesses any special meaning in the trade, and that RHODIUM X-LESS so resembles RHODEX that there would be likelihood of confusion or mistake. The board also held that while the respective products may be purchased by technically trained persons, this does not eliminate the likelihood that such persons might be confused or make a mistake. Appellant's request for reconsideration urging that the goods are functionally identical but chemically disparate, that the goods are not compatible and that they are patentably different, was denied.

Appellant's reasons of appeal urge that the board erred in holding that there is likelihood of confusion, that applicant's mark RHODIUM X-LESS includes opposer's mark RHODEX, and in failing to recognize that RHODIUM X-LESS is based on the name of an element while RHODEX is arbitrary. Appellant urges that its products are technological products of a highly sophisticated character, extremely costly, and sold to very discriminating purchasers in an extraordinarily specialized market. Appellant admits that its solutions of rhodium compete in the market with opposer's solutions of rhodium, but urges that chemists producing rhodium plate are the most discriminating class of buyers imaginable and hence would not be confused. We are not persuaded that this necessarily follows. The likelihood of confusion as to source may be as great or greater than the likelihood of confusion as to the specific character of the goods.

Our review of the record, the briefs and the arguments of counsel does not convince us of error in the decision of the board. The parties have stipulated an expanding use of the mark RHODEX for electroplating compositions since 1956 by the opposer prior to the first use of the mark RHODIUM X-LESS by the appellant. The respective products are in direct competition. Any doubt here as to actual confusion or as to likelihood of confusion must be resolved in favor of the prior user.

We, accordingly, affirm the decision of the board.

Affirmed.